## EL PUEBLO v. ABELLA.

APELACIÓN procedente de la Corte de Distrito de Humacao.

No. 484.—Resuelto en diciembre 17, 1912.

DERECHO PENAL—APROBACIÓN DE LA EXPOSICIÓN DEL CASO.—Al certificar el Juez una exposición del caso debe decir que la aprueba por ser correcta con los hechos ocurridos en el juicio y por contener toda la evidencia aportada al mismo, y también las excepciones tomadas en él, si es que el apelante lo presenta como relación del caso y pliego de excepciones.

ID.—PRUEBA CONTRADICTORIA.—Cuando la prueba es contradictoria, la apreciación de ella por el Juez sentenciador será respetada por esta Corte a menos que obrara con pasión, prejuicio o con manifiesto error.

ID.—INFRACCIÓN DE LA LEY ASIGNANDO SUELDO A LOS REGISTRADORES.—El Registrador de la Propiedad que voluntariamente deja de asistir con puntualidad a su oficina en los días en que de acuerdo con la ley deba concurrir a ella, infringe la ley asignando sueldo a los Registradores de la Propiedad de 10 de marzo de 1904, enmendada en 8 de marzo de 1906.

ID.—ALEGACIONES SUPERFLUAS.—Estas alegaciones se consideran como no alegadas y no necesitan probarse.

Los hechos están expresados en la opinión.

Abogado de El Pueblo: *Sr. Charles E. Foote, Fiscal.*

El apelante compareció en nombre propio.

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

Severo Abella Bastón fué acusado ante la Corte de Distrito de Humacao por el hecho de que siendo Registrador de la Propiedad de Caguas, en varias ocasiones, y especialmente el día 28 de junio de 1911, voluntaria e ilegalmente dejó de asistir puntualmente a su oficina de dicho registro de la propiedad, llegando a ella en ese día a las once y treinta minutos de la mañana, en vez de haber estado en ella desde las ocho de la mañana.

Abella Bastón opuso varias objeciones a la acusación que fueron desestimadas, y celebrado el juicio fué declarado culpable de la infracción que se le imputara y condenado a pagar una multa de cien dollars.

Según la ley aprobada en 10 de marzo de 1904 titulada "Ley asignando sueldos a los Registradores de la Propiedad" tal como quedó enmendada en 8 de marzo de 1906, los registradores de la propiedad deberán tener sus oficinas y archivos abiertos al público todos los días, con excepción de los domingos y días de fiesta legales, de ocho a once de la mañana y de una a cuatro de la tarde, excepto los sábados en los que sólo estarán abiertos por la mañana; y los registradores tendrán el deber de asistir puntualmente a sus oficinas, no pudiendo ausentarse sin licencia, otorgada por el juez del distrito si no excede de ocho días y por el Attorney General si excede de ellos, siendo las infracciones que ellos cometan de tal ley castigadas por la primera vez con multa de cien a doscientos dollars, la segunda con cantidad mayor y la tercera con separación del cargo.

En este caso se han remitido por el secretario de la corte inferior dos transcripciones de los autos, habiéndolo sido la segunda con el objeto de corregir ciertas deficiencias de la anterior, según manifiesta el secretario, y aun cuando en la segunda falta la sentencia, como existe en la primera, la tomaremos en consideración. Ambas transcripciones difieren en los términos en que ha sido aprobada por el juez la exposición

del caso, pero tomando como exacta la segunda porque se libró para corregir defectos de la anterior, encontramos que la certificación extendida por el juez para hacer constar su aprobación no contiene todo lo que es necesario según dijo esta Corte Suprema en el caso de *López* v. *American Railroad Company,* 11 D. P. R., 154.

En esa certificación, sólo expresa el juez que aprueba la exposición del caso para que sirva como tal en la apelación interpuesta para ante este Tribunal Supremo, cuando lo que debió decir es que la aprobaba por ser correcta con los hechos ocurridos en el juicio y por contener toda la evidencia aportada al mismo, y también las excepciones tomadas en él si es que el apelante la presenta como relación del caso y pliego de excepciones.

Pero prescindiendo de esos defectos, como la prueba es contradictoria y nada se nos ha alegado de que al decidir respecto de ella obrara el juez influído por pasión, prejuicio o con manifiesto error, consideraremos que la acusación probó los hechos imputados al apelante.

Réstanos ahora solamente examinar las objeciones opuestas por el registrador y una excepción que tomó durante el juicio.

Sostuvo el registrador ante la corte inferior que tal como están expuestos los hechos en la acusación, no son constitutivos de infracción a la ley sobre la materia, pues el que un día llegara a las once y treinta minutos, en vez de las ocho, no indica que haya dejado de asistir puntualmente a su oficina.

Al exigir la ley que los registradores asistan puntualmente a las oficinas, quiere claramente decir que todos los días deben concurrir a ella con puntualidad, a las horas que ha determinado y no hay concepto alguno en ella del que pueda deducirse una interpretación contraria. Por consiguiente, imputando la acusación al registrador que en un día determinado voluntariamente se presentó en el registro a las once y treinta de la mañana, cuando de cumplir la ley debió estar en ella a

las ocho, es evidente que imputa la comisión de una infracción prevista y penada en la ley mencionada.

También alegó el registrador que la acusación es ambigua y dudosa porque no expresa las fechas de las varias ocasiones anteriores en que no fué puntual, cuando tal especificación era necesaria por constituir una circunstancia especial, y sostuvo, además, que la acusación imputaba más de un delito.

Como según decimos antes, la infracción acusada existe cuando el registrador voluntariamente deja de asistir a su oficina aun por una sola vez, de aquí que las palabras contenidas en la acusación respecto a que en varias ocasiones anteriores al día que en ella se especifica, también dejó de asistir con puntualidad, pueden considerarse como superfluas ya que en nada alteran ni cambian el sentido de la alegación esencial, y eliminadas o no probadas, no perjudican la acusación ni la condena.

Como las alegaciones superfluas no perjudican en lo esencial los derechos del acusado, no hacen insuficiente una acusación, de acuerdo con el artículo 83 del Código de Enjuiciamiento Criminal.

Como no es necesario probar las alegaciones superfluas, no erró la corte inferior al sostener la objeción del Fiscal de la corte a que el testigo Mena contestara respecto de si antes del día 28 de junio, que es el específicamente determinado en la acusación, había el registrador apelante asistido puntualmente a su oficina, pues importaba poco que así fuera, si era cierto que el citado día 28 no concurrió a ella voluntariamente con puntualidad.

En vista de las precedentes consideraciones debe ser confirmada la sentencia apelada.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados MacLeary y del Toro.

Juez disidente: Sr. Wolf.